IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2003 Session

## BOBBY D. CANADA v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Campbell County**
**No. 11078      E. Shayne Sexton, Judge**

---

**No. E2003-00804-CCA-R3-PC**
**December 11, 2003**

---

The petitioner was indicted for first degree murder and aggravated arson.  Pursuant to a plea agreement, he pled guilty to second degree murder and setting fire to personal property.  The petitioner filed for post-conviction relief, contending that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary.  The post-conviction court denied the petitioner relief.  The judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

Robert S. Asbury, Jacksboro, Tennessee, for the appellant, Bobby D. Canada.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William Paul Phillips, District Attorney General; and Michael O. Ripley, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, Bobby D. Canada, was indicted for first degree murder and aggravated arson. Pursuant to an agreement, he pled guilty to second degree murder (Class A felony) and setting fire to personal property (Class E felony) and agreed to a sentence of twenty years and five years respectively, to be served consecutively for an effective sentence of twenty-five years. The petitioner filed for post-conviction relief, contending that he received ineffective assistance of counsel and that his guilty plea was not knowing and voluntary. The post-conviction court denied the petitioner relief. He now appeals the denial of relief.  The judgment of the post-conviction court is affirmed.

**Facts**

At the plea hearing, the State and the petitioner stipulated and agreed to the following factual account:

> That in Campbell County, Tennessee, on or about the 15th of December of 1998, that the [petitioner], did aid and abet Joseph Prewitt in the unlawful, felonious, and intentional killing of Charles Wayne Bryant.

> Furthermore, that on the same date in Campbell County, Tennessee, that [petitioner] did aid and abet Joseph Prewitt in the unlawful, felonious, and knowingly damaging of personal property, an automobile, by fire, with the intent to destroy the property for an unlawful purpose.

**Analysis**

The petitioner contends on appeal that he received ineffective assistance of counsel. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both, if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

The test in Tennessee to determine whether counsel provided effective assistance is whether his or her performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688, 104 S. Ct. at 2065).

In reviewing counsel's conduct, a "fair assessment . . . requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002) (citing Strickland, 466 U.S. at 689, 104 S. Ct. at 2065). The fact that a particular strategy or tactic failed or hurt the defense does not, standing alone, establish unreasonable representation. However, deference to matters of strategy and tactical choices applies only if the choices are informed ones based upon adequate preparation. Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997); Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle petitioner to relief. Tenn. Code Ann. § 40-30-210(f). This Court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

The petitioner first argues that his counsel was ineffective by failing to pursue a motion that was filed alleging lack of jurisdiction because the murder occurred in Kentucky. A motion to dismiss the murder charge was filed by defense counsel on February 4, 2000. Apparently, the motion was never ruled on. Counsel has failed to show how he was prejudiced by the lack of a ruling on the motion. The record contains no evidence that the petitioner would have prevailed on the motion. In fact, it is likely that the motion would have been denied, and the State would have been allowed to prove the location of the murder at trial. Counsel informed the petitioner that if they did not prevail on the jurisdiction issue, he might be convicted of first degree murder and sentenced to death. The plea agreement would no longer be available at that point.

Additionally, the petitioner agreed to a stipulation at the plea hearing that the murder occurred in Tennessee. A forensic examination of the site where the petitioner claims the murder occurred did not reveal any evidence that the murder occurred in Kentucky. The only indication that the murder did not occur in Tennessee is the denial by the defendant. Counsel made a tactical decision based on the slight likelihood that they would prevail on the motion and the possible severe consequences if they did not. The denial by the petitioner that the murder occurred in Tennessee will not suffice as clear and convincing evidence that the petitioner was prejudiced by the lack of a ruling on the motion to dismiss.

The petitioner also argues that his counsel was deficient by failing to procure the services of an independent forensic expert. The forensic expert relied on by counsel was actually hired by the petitioner's co-defendant. The petitioner claims that the co-defendant's interests were antagonistic to his interests. While this may be true, he has failed to show that the tests by the independent forensic expert were in any way deficient. The petitioner has failed to show that he was prejudiced by counsel's reliance on an independent forensic expert obtained by the co-defendant.

The petitioner next argues that his guilty plea was not knowing and voluntary. Specifically, he argues that he is entitled to relief because counsel did not remember reviewing the plea form with the petitioner and counsel impermissibly coerced the petitioner to plead guilty. In order for a

conviction based upon a guilty plea to comport with due process, the plea must be voluntarily, knowingly, and understandingly entered. Boykin v. Alabama, 395 U.S. 238, 242-44, 89 S. Ct. 1709, 1712 (1969). A guilty plea is not voluntary "if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats . . . .'" Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting Boykin, 395 U.S. at 242-43, 89 S. Ct. at 1712). Furthermore, if an accused is incompetent, then the guilty plea is involuntary. Blankenship, 858 S.W.2d at 904. The standard for assessing the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970). To assess whether a guilty plea was voluntary, we must "consider all of the relevant circumstances that existed when the plea was entered." State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995). These circumstances include the relative intelligence of the defendant; the degree of his familiarity with criminal proceedings; whether he was represented by competent counsel and had the opportunity to confer with counsel about the options available to him; the extent of advice from counsel and the court concerning the charges against him; and the reasons for his decision to plead guilty, including a desire to avoid a greater penalty that might result from a jury trial. Blankenship, 858 S.W.2d at 904.

As the United States Supreme Court has noted, a petitioner's testimony at a guilty plea hearing "constitutes a formidable barrier" in any subsequent collateral proceeding because "solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73, 97 S. Ct. 1621, 1629 (1977). The plea agreement was executed on January 5, 2001. The post-conviction hearing was held on March 7, 2003. During the plea hearing, the petitioner agreed that counsel had reviewed the plea agreement with him. Counsel's failure to remember specifically reviewing the plea form with the petitioner over two years later does not prove by clear and convincing evidence that the petitioner is entitled to relief.

During the plea hearing, the petitioner stated that he could read and write. He further indicated that he had read and understood the plea agreement. The record reflects that the petitioner was thoroughly questioned during the entry of his guilty plea and answered in a fashion that left no questions as to his knowing and voluntary act. The answers given by the petitioner in the entry of his guilty plea are incompatible with his post-conviction claim. The petitioner voluntarily pled guilty and denied any coercion. He acknowledged that he understood the terms of the plea bargain and desired to plead guilty. The petitioner also expressed his satisfaction with trial counsel. The trial court credited the petitioner's testimony at his guilty plea hearing over his post-conviction testimony. Nothing in the record before us dispels the reliability of the petitioner's testimony at his guilty plea hearing. The petitioner has failed to prove by clear and convincing evidence that his guilty pleas were not knowing or voluntary.

## Conclusion

The petitioner has failed to prove by clear and convincing evidence that he was prejudiced by any alleged deficiencies or that his guilty plea was not knowing and voluntary. Based on the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE